THE HONORABLE, THE ASSEMBLY Legislature
Assembly Resolution 39 (1973) requests my opinion whether a town may constitutionally increase the membership of the town board to five pursuant to sec. 60.19 (1) (a), (am), and (c), Stats.
Section 60.19 (1) (a), Stats., as amended by ch. 248, Laws of 1971, provides in part:
 "60.19 Election of officers; special provisions. (1) (a) Biennially, in the odd-numbered years, at the annual town meeting each town shall elect the following officers: 3 supervisors except when the number of supervisors has been increased under par. (am), . . ."
Section 60.19 (1) (am), Stats., as created by ch. 248, Laws of 1971, provides:
 "(am) Any town board authorized to exercise village powers may, by ordinance, increase the number of supervisors to no more than 5. If the number of supervisors is increased to 4, the town shall elect 2 supervisors each year. If the number is increased to 5, the town shall elect 3 supervisors in odd-numbered years and 2 supervisors in even-numbered years."
It will be noted that the provisions of sec. 60.19 (1) (am), Stats., apply to any town, regardless of population.
Section 60.19 (1) (c), Stats., was an outgrowth of ch. 356, Laws of 1969, and originally applied to towns having a population in excess of 7,500. It was amended by ch. 155, Laws of 1971, to provide:
 "(c) Increases or reductions in membership of town boards shall take effect from January 1 of the first odd-numbered year following the most recent federal decennial or special census, *Page 106 
but shall not be deemed to create any vacancy on a town board prior to the spring election. Commencing with the 1971 spring election or any spring election thereafter the town board of any town having a population of 2,500 or more may, subject to the authorization of the majority of the electors voting at an annual or special town meeting, consist of 5 supervisors elected at large. Three members shall constitute a quorum of 5-member town boards."
It is noted that the population figure in (c) does not require towns over 2,500 to have a five-man board, but makes the adoption optional in such towns. Section 60.19 (1) (am), Stats., contains no population standard, is optional as to adoption, and permits town boards of four or five members.
Whereas the Constitution has been amended to delete the provision as to uniformity of county government, Art. IV, sec.23, Wis. Const., still provides:
 "The legislature shall establish but one system of town government, which shall be as nearly uniform as practicable . . ."
 State ex rel. Peck v. Riordan (1869), 24 Wis. 484, involved the constitutionality of a statute which provided for a county board of eight supervisors in a certain county which under the general statute would have only three. The court held the statute violated the "uniform as practicable" test of Art. IV, sec. 23, Wis. Const. At pp. 488-489 the court stated:
 ". . . Now, certainly, the uniformity in the system is broken, when one county, comprising two assembly districts, has a board of supervisors consisting of eight members, and another county, of the same population, has a board of three . . . . The uniformity of the system would seem to be as much broken by diversity in the number which should constitute the board in counties of the same population, as by diversity in the distribution of the powers which the board should execute . . . . The constitution, then, has regard as well to uniformity in the system as to unity in the system; and wherever uniformity is practicable, it must be preserved . . . ."
When the uniformity clause was applicable to counties, it was held that counties could be classified on the basis of population, providing *Page 107 
that there was reasonable basis for such treatment, and that limited changes could be made in county government where it is not practicable to carry on the usual government in a particular class of counties. Details of carrying out functions of county government could vary provided the system remained untouched.State ex rel. Milwaukee County v. Boos (1959), 8 Wis.2d 215,99 N.W.2d 139; State ex rel. Sonneborn v. Sylvester (1965), 26 Wis.2d 43,132 N.W.2d 249; West Allis v. Milwaukee County (1968),39 Wis.2d 356, 370, 371, 159 N.W.2d 36.
It is submitted that the same rules are applicable to towns which are still governed by the uniformity clause of the Constitution.
An opinion by a former Attorney General which appears in 50 OAG 10 (1961) dealt with the uniformity provisions as to towns. It was there stated that the legislature could not authorize a town meeting to elect, at its option, either three or five town supervisors. It was further stated that diversity of the number of supervisors based on a classification of towns by population only might be violative of the constitutional provision if, in fact, three-supervisor government is workable and feasible in a large as well as a small town, or in a populous as well as a thinly-populated town.
Whereas there is a strong presumption as to the constitutionality of a duly-enacted statute, I am of the opinion that the court in a proper case would hold that sec. 60.19 (1), (am), and (c), Stats., violates the uniformity clause of the Constitution.
RWW:RJV